IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

MARVIN JONES                                                                PLAINTIFF

v.                                                         CIVIL ACTION NO. 4:10-CV-00011-GHD-JMV

TYSON FOODS, INC.; HALEY BARBOUR,
in His Official Capacity of Governor of the State
of Mississippi; CHRISTOPHER EPPS, in His Individual
and Official Capacities as Commissioner of the Mississippi
Department of Corrections; LEE McTEER, in His Official
Capacity as Community Correctional Director for Region I and
in His Individual Capacity; and JONATHAN BRADLEY, in His
Official Capacity as Correctional Supervisor of Leflore County
Restitution Center and in His Individual Capacity                           DEFENDANTS

## SUPPLEMENTAL OPINION DISMISSING
## DEFENDANTS HALEY BARBOUR AND CHRISTOPHER EPPS

Presently before the Court is a motion for reconsideration [63] of the Court's memorandum opinion [57] and Order [56] ruling on the Eleventh Amendment immunity motions to dismiss filed by Defendant Haley Barbour [35] and Defendant Christopher Epps [37].[1] In that opinion and Order, the Court granted both motions in part, dismissing the state law claims, 42 U.S.C. § 1983 claims for monetary damages, and 42 U.S.C. § 1985 claims for monetary damages against Barbour and Epps in their official capacities. However, the Court also denied both motions in part, sustaining Plaintiff's claims for declaratory relief that Barbour and/or Epps had violated his constitutional rights, finding that those claims fell within the narrow *Ex parte Young* exception. In the present motion for reconsideration [63], Barbour and Epps argue that the official-capacity declaratory relief claims against them do not fall within the narrow *Ex parte*

---

[1] In the memorandum opinion [57] and Order [56], the Court also ruled on the Eleventh Amendment immunity motion to dismiss jointly filed by Defendants Lee McTeer and Jonathan Bradley [16].

1

*Young* exception to Eleventh Amendment immunity. Upon due consideration, the Court finds that the motion for reconsideration [63] is well taken and should be granted.

"While the Federal Rules of Civil Procedure do not provide for a motion for reconsideration, such a motion may be considered either a Rule 59(e) motion to alter or amend judgment or a Rule 60(b) motion for relief from judgment or order." *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004). Because the motion before this Court was filed within twenty-eight days of the Court's order, the Court will treat the motion as a Rule 59(e) motion to alter or amend judgment. A Rule 59 motion is the proper vehicle by which a party can "correct manifest errors of law or fact" or "present newly discovered evidence." *Templet v. HydroChem Inc.*, 367 F.3d 473, 477 (5th Cir. 2004) (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)).

The test for determining whether the *Ex parte Young* exception applies is a "straightforward" one, wherein the Court considers "whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *See Verizon Md., Inc. v. Public Serv. Comm'n of Md.*, 535 U.S. 635, 645, 122 S. Ct. 1753, 152 L. Ed. 2d 871 (2002). Upon due consideration of this issue, the Court finds that Plaintiff's amended complaint fails to allege an ongoing violation of federal law and thus does not fall within the *Ex parte Young* exception. The amended complaint specifically asserts that **(1)** Defendants violated Plaintiff's Thirteenth Amendment right to be free from slavery and/or involuntary servitude by forcefully detaining Plaintiff at Leflore County Restitution Center even after he had satisfied his restitution, as part of a conspiracy "to deprive, by force[,] intimidation[,] or threat, [Plaintiff] from receiving his freedom after he satisfied the terms of his sentencing," to "deny [Plaintiff] his civil rights," and "to intimidate him," Pl.'s Am. Compl. [12] ¶¶ 2, 3, 40, 59, 63, 66–70, 79–82;

**(2)** Defendants violated Plaintiff's Eighth and Fourteenth Amendment rights to be free from cruel and unusual punishment when they subjected Plaintiff and others to the inherently harmful conditions of a chicken plant wherein workers are forced to work sometimes "covered in chicken feces" and "in an environment filled with dust, feathers, and chicken feces," even if physically ill, and alongside illegal immigrants who may carry diseases such as TB and workers who may "urinat[e] close to the slaughter line," *id.* ¶¶ 15, 20, 24–26, 31, 52, 58, 62, 71–75; **(3)** Plaintiff has been denied his Fourteenth Amendment procedural and substantive due process rights as a result of Defendants' actions, *id.* ¶¶ 64, 76–78; and **(4)** Defendants violated § 1983 by failing to adequately train and supervise their administration, staff, and/or faculty not to violate a resident's Eighth, Thirteenth, and Fourteenth Amendment rights, which was the proximate cause of Plaintiff's injuries, *id.* ¶¶ 53, 83–87. Plaintiff alleges that all constitutional violations occurred while he was a resident at Leflore County Restitution Center, acknowledges that he is no longer a resident there, and asserts that he continues to suffer from TB, which he alleges he contracted while a resident at Leflore County Restitution Center. He seeks a declaratory judgment that "Defendants' actions, as herein described, violated Plaintiff's constitutional rights under the Eighth, Thirteenth[,] and Fourteenth Amendments to the United States Constitution." *Id.* at 15(b).

Although unquestionably Plaintiff has alleged an ongoing injury when he asserts that he continues to suffer from TB, he has not alleged that Barbour or Epps committed an ongoing violation of federal law. *See Papasan v. Allain*, 478 U.S. 265, 277–78, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986) ("*Young* has been focused on cases in which a violation of federal law by a state official is ongoing as opposed to cases in which federal law has been violated at one time or over a period of time in the past . . . ."); *see also Green v. Mansour*, 474 U.S. 64, 68, 106 S. Ct.

3

423, 88 L. Ed. 2d 371 (1985). The declaration Plaintiff seeks regarding the alleged past conduct of Barbour and Epps is precisely the type of declaration prohibited under *Ex parte Young*. As such, Plaintiff's official-capacity declaratory relief claims against Barbour and Epps are barred under the Eleventh Amendment.

The Court further finds that to the extent Plaintiff's allegations can be read as an attempt to assert an ongoing violation of federal law with respect to other residents of Leflore County Restitution Center, Plaintiff does not have standing under Article III of the United States Constitution to enforce the rights of the other residents. Under Article III, a litigant "generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Warth v. Seldin*, 422 U.S. 490, 499, 500, 95 S. Ct. 2197, 45 L. Ed. 2d 343 (1975). Although there are rare instances in which a litigant can assert the rights of third parties not before the Court, *see Kowalski v. Tesmer*, 543 U.S. 125, 129–30, 125 S. Ct. 564, 160 L. Ed. 2d 519 (2004), Plaintiff has not demonstrated that any exception to the general prohibition against third-party standing would apply in this case.

**ACCORDINGLY**, the motion for reconsideration [63] filed by Defendants Haley Barbour and Christopher Epps is **GRANTED**, and the Court's memorandum opinion [57] and Order [56] are amended as follows:

1. Defendant Haley Barbour's motion to dismiss [35] is **GRANTED**;

2. Defendant Christopher Epps' motion to dismiss [37] is **GRANTED**;

3. The claims for declaratory relief brought against Defendants Haley Barbour and Christopher Epps in their official capacities are **DISMISSED** on Eleventh Amendment grounds; and

4. There being no remaining claims against Defendants Haley Barbour and Christopher Epps, Defendants Haley Barbour and Christopher Epps are **DISMISSED** as parties to this action.

A separate order shall issue in accordance therewith.

THIS, the 24th day of October, 2013.

_____
SENIOR JUDGE